BOUTON, Respondent, *v.* HAGGART, Appellant.

Chattel Mortgages — Crops — Assumption— Validity —Creditors.

Where, to secure the purchase-money for certain land, the purchasers gave a chattel mortgage on the crops to be raised on the land the ensuing season, and the mortgage was duly filed for record in conformity to statute, but before the crop was sowed the purchasers sold the land to M., and he, as a part of the consideration, assumed the payment of the mort-

gage by parol and agreed that it should be and remain as binding a lien upon the crop to be raised as if no change in ownership had taken place, *held,* that the mortgagee had no right to the crop as against M.'s creditors, although they knew of the mortgage prior to the rendition of the judgment under which their rights attached.

(Argued and determined at the February Term, 1888.)

APPEAL from the district court, Cass county; Hon. W. B. McCONNELL, Judge.

This was an action for the conversion of certain grain by C. D. Bouton against John E. Haggart, sheriff. The case was submitted to the court below upon the pleadings and an agreed state of facts, from which it found that Redmon & Fish, on the 4th of April, 1884, bought from the plaintiff (or contracted for) certain land in that county; that in part payment for it they gave him two promissory notes, one for $3,000 and the other for $2,880, both dated April 4 and due November 1, 1884 and 1885, respectively; that to secure the payment of these notes they executed to him the same day a chattel mortgage on "all the crop to be sown, grown and harvested" on the land sold to them (and which they then owned and were in possession of), and the mortgage was duly filed for record the same day; that the plaintiff was the owner and holder of the notes and the mortgage, and that they were due and unpaid; that on the 7th of April, 1884, and before the crop was sown, Redmon & Fish assigned to D. W. McKay the contract for the purchase of the land that they had received from the plaintiff; that said McKay in consideration thereof "agreed that said mortgage should be and continue a valid lien upon the crops to be raised on said premises to the same extent and as fully as though said assignment from Redmon & Fish had never been made;" that after the assignment of said contract, and during the year 1884, said D. W. McKay and one G. H. McKay, who knew of the mortgage, seeded a part of said land and raised three thousand four hundred bushels of wheat thereon; that on the 2d day of October, 1884, the defendant, as sheriff, with an execution, in the case of Kelly & Co. against said D. W. & G. H. McKay, levied upon said wheat and took and converted it to his own use; that the wheat at the time he took it was of the value of $1,900; that the said defendant, prior to the said

levy, did not tender or pay to the plaintiff, in any manner, the amount of his said mortgage or any part thereof; that said Kelly & Co. had notice of said mortgage prior to the rendition of the judgment upon which their said execution issued. As conclusions of law the court found that the plaintiff's mortgage was a valid and subsisting lien upon the wheat; that the defendant wrongfully took the same, and that the plaintiff was entitled to judgment against him. On the rendition of the judgment the defendant appealed.

*H. F. Miller*, for appellant.

Redmon & Fish having sold their interest in the land before the crop was seeded, Bouton never acquired any lien upon it, unless it was by the agreement of McKay. This was not in writing, not witnessed nor filed, and Bouton was not a party to it. It did not pretend to create a new lien, but to bring into life an old, not as to the mortgagors, but a third party. The mortgage and agreement were void as to creditors. C. C., §§ 1704, 1744; Jones v. Richardson, 10 Metc. 481; Frost v. Willard, 9 Barb. 440; Single v. Phelps, 20 Wis. 419; Mowry v. White, 21 id. 422; Curtis v. Wilcox, 13 N. W. Rep. 803.

*D. H. Twomey*, for respondent.

A mortgage on a crop not yet sown is valid. § 1704, C. C. A party may mortgage any thing in which he has a potential interest. Jones, Chat. Mort., § 140; Argues v. Wesson, 51 Cal. 620; Butt v. Ellett, 19 Wall. 544; Mayer v. Taylor, 69 Ala. 403, 44 Am. Rep. 522; Miller v. Chapel, 29 N. W. Rep. 52; Hull v. Hull, 48 Conn. 250, 40 Am. Rep. 165; White v. Thomas, 52 Miss. 49; Wyatt v. Watkins, 30 Am. Rep. 63. The crop had a potential existence at the time the mortgage was given, for Redmon & Fish owned the land on which they proposed to raise it. The mortgage was good as against the world after it was filed. C. C., § 1744; Wyatt v. Watkins, *supra*. McKay was bound by his assumption of the mortgage. Ely v. McKnight, 30 How. Pr. 101; Wilson v. King, 23 N. J. Eq. 150; Brown v. Kurtz, 37 Ia. 240; Kellogg v. Second, 3 N. W. Rep. 868; Hathorn v. Lewis, 22 Ill. 395. An assumption need not be in writing. Brown v.

Kurtz, *supra;* Thompson v. Dickinson, 12 N. Y. 371; Putney v. Farnham, 27 Wis. 189; Jones, §§ 740, 750; Wilson v. King, 23 N. J. Eq. 150; Jones, Chat. Mort., § 488. The assumption did not destroy the notice imparted by filing. McKay's creditors were bound by the mortgage. Everman v. Robb, 52 Miss. 653.

By the COURT:

The judgment in this case is reversed on the ground that the mortgage of Redmon & Fish upon crop to be grown was an agreement to mortgage, and not a mortgage; and the court erred in holding that it could be assumed and given effect to as a mortgage by a third party by parol. All the justices concur.